[No. 8785.  Department One.  September 22, 1910.]

SPOKANE MERCHANTS' ASSOCIATION, *Respondent*, v. W. W. PARRY et al., *Appellants*.[1]

APPEAL—REVIEW—PLEADINGS—AMENDMENTS CONSIDERED AS MADE. An allegation in a complaint that plaintiff had received but $69,788.77 and expended $3,602.90 in conducting a business, will be considered on appeal as amended to conform to proof that upwards of $76,000 had been received and a corresponding increase expended, where the trial court considered the complaint sufficient and allowed each party to present his entire case.

MORTGAGES—INSURANCE—RIGHTS OF MORTGAGOR. Where a mortgage in trust for creditors stipulated that the mortgagor should keep the premises insured, he cannot, in an action to foreclose the mortgage, charge the trustee as mortgagee with the loss of property by fire which such mortgagee had failed to insure.

[1]Reported in 110 Pac. 991.

MORTGAGES—FORECLOSURE—TRUST MORTGAGE—ACCOUNTING. Failure of the trustee to account for certain accounts and bills receivable will not prevent the trustee from foreclosing a mortgage given in trust for creditors, where enough appears to show the necessity for foreclosure; since he must fully account later for all receipts.

Appeal from a judgment of the superior court for Okanogan county, Taylor, J., entered November 15, 1909, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action to foreclose mortgages. Affirmed.

*Perry D. Smith*, for appellants.

*Warren W. Tolman*, for respondent.

FULLERTON, J.—For some time prior to November 26, 1909, the appellant W. W. Parry owned and operated two general stores in Okanogan county, the one being located at Molson and the other at Tonasket. He also owned certain real property situated in the same county. On the date named he was indebted to divers wholesale dealers who had sold him goods and merchandise, in a sum exceeding $65,000, and was insolvent. To secure an equal division of his property among his creditors he, together with his wife, executed and delivered to the respondent two mortgages, the one covering his real property and the other his stocks of merchandise, each of the mortgages being conditioned for the payment of the indebtedness at times specified and set forth in the mortgage. At the time of the execution and delivery of the mortgages, the parties entered into a written agreement, by the terms of which the appellants turned over to the respondent the general stores and the merchandise covered by the mortgages, with power to conduct and manage them during the life of the mortgages in such manner as it should deem most beneficial to the creditors, both of the appellants agreeing to render it such assistance as lay within their power. It was further provided that the proceeds of the business, after deducting the expenses of operation, should be

paid to the creditors of W. W. Parry, such payments to be made whenever the amount on hand equaled ten per cent of the claims.

The respondent conducted the business under the agreement for something over a year, when the store at Tonasket burned. The business was continued at the other store until August 14, 1909, when the respondent began the present action to foreclose the mortgages, alleging that it was no longer profitable to continue the business. In its complaint the respondent alleged that the debts of the appellants at the time of the mortgages amounted to the sum of $69,788.77; that it had realized from the property turned over to it $24,637.90; that it had incurred expenses amounting to the sum of $3,602.90, and that the indebtedness remaining unpaid for which the mortgages stood as security amounted to the sum of $50,223.50. An answer was filed putting in issue the allegations of the complaint as to the amount of the indebtedness, the expenses incurred, and the amount realized, and averring affirmatively that the respondent had realized more than $90,000 from the assets turned over to it. This affirmative allegation was put in issue by a reply in the form of a denial. On the trial the court found that the respondent had fully accounted for all moneys received by it, and that there was a balance due on the indebtedness which the mortgages stood to secure of $41,075.90, and entered a judgment of foreclosure for that sum.

The appellants first suggest a question of practice. On the trial of the case, the evidence introduced by the respondent showed that it had collected during the time it conducted the business, as proceeds thereof, upward of $76,000, and was allowed, over the objection of the appellants, to show the disposition it had made of this money; namely, that it had expended it, with the exception of $24,637.90, in the conduct of the business. It is urged here that this was error; that since the respondent had alleged that it realized only $24,637.90 out of the business, and had incurred a necessary ob-

ligation in so doing of $3,602.90, it should not have been permitted to show the realization and expenditure of different sums, especially since it had denied the appellants' allegation that it had realized from the business a sum upwards of $90,000, by a general denial. But it is a sufficient answer to this objection to say that the defect in the pleading, if any such there was, was an amendable defect; and inasmuch as the lower court treated the complaint as sufficient and allowed each of the parties to present his entire case thereunder, this court must treat it in the same way, and consider all amendments as made which might have been made. Rem. & Bal. Code, § 1752.

The burning of the store building at Tonasket caused a considerable loss, estimated by the appellants at $10,000. It is urged that this should be charged to the respondent, because it had failed to keep the property insured. But we think the appellants are in no position to urge this claim under the circumstances shown here even were it a valid claim under any circumstances. By the express terms of the mortgage the appellants bound themselves to keep this mortgaged property insured against loss and damage by fire, and having failed so to do, they cannot charge the loss by reason thereof to the respondent. What claim the *cestuis que trustent* may have against the respondent for this loss, should the assets fail to pay them in full, we, of course, need not consider here.

It seems that certain accounts and bills receivable were turned over to the respondent with the other property, and it is claimed that these should have been accounted for before a foreclosure of the mortgages was allowed. But enough appears in the record to show a necessity for foreclosing the mortgages, and that is all that is necessary in the foreclosure action. The respondent must finally account for the entire property, the assets and bills receivable, as well as all other property it has received, or will receive, in virtue of the trust relation.

On the facts, we think the court reached a correct conclusion. The business seems to have been managed with fair business ability and with reasonable economy. Furthermore, the appellants were present during the entire time, had access at all times to the books, and were consulted constantly by the agents of the respondent as to the conduct of the business. The complaints against the method in which the business was managed would have been entitled to more consideration had they made them known prior to the commencement of the foreclosure proceedings.

The respondent asks us to increase the amount of the recovery, contending that the amount found due by the court is less than the amount shown to be due by the evidence by over $3,000. But the judgment entered corresponds with the findings made by the court, and these we think are justified by the evidence.

The judgment will stand affirmed.

RUDKIN, C. J., GOSE, MORRIS, and DUNBAR, JJ., concur.